

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 30, 1951

Hon. H. Clyde McLendon
County Attorney
Zavala County,
Crystal City, Texas

Opinion No. V-1221

Re: Authority to dissolve
a joint county junior
college district creat-
ed under Article 2815h,
V.C.S.

Dear Sir:

You have requested an opinion on the following question:

"May a Joint County Junior College Dis-
trict organized under the provisions of Art.
2815h, Section 18, be dissolved, and if so
in what manner?"

Article 2815h, V.C.S., provides for the estab-
lishment of junior college districts. These districts are
therein designated and classified as (1) Junior College
Districts (Art. 2815h, Sec. 1), (2) Union Junior College
Districts (Art. 2815h, Secs. 17, 18, 19), (3) County-wide
Junior College Districts (Art. 2815h, Secs. 17, 18, 19),
and (4) Joint County Junior College Districts (Art. 2815h,
Secs. 17, 18, 19). Article 2815h does not authorize the
dissolution of any junior college district.

Section 5 of Article 2815h provides that the
board of trustees of junior college districts shall be
governed in the establishment, management, and control
of junior colleges by the general law governing the es-
tablishment, management, and control of independent school
districts. The phrase "establishment, management, and con-
trol" cannot be enlarged to include dissolution. Moreover,
boards of trustees of independent school districts have no
authority to dissolve independent school districts.

House Bill 609, Acts 51st Leg., R.S. 1949, ch.
498, p. 922 (Art. 2815q, V.C.S ), applying only to union
junior college districts, provides in part:

"Section 1. Whenever the Legislature
shall create within the boundary of any

Hon. H. Clyde McLendon, page 2 (V-1221)

is composed of the territory of two or more counties. The provisions of Section 2 of Article 2815q cannot be construed to apply to a district composed of territory located in more than one county.

We find no provision in the laws of this State which authorizes the dissolution or abolishment of a joint county junior college district. There is lacking any statutory authorization making the laws relating to the abolishment of independent school districts applicable generally to junior college districts. Furthermore, the provisions of those statutes (Arts. 2767-2767f, V.C.S.) would not be appropriate to the dissolution of joint county junior college districts. For example, statutory provisions for the settlement of the affairs of an abolished independent school district, for the collection of taxes by another school district to pay outstanding bonds and debts, and for the disposition of its assets cannot be adapted to a joint county junior college district. Their inapplicability to union junior college districts, and by analogy to joint county junior college districts, was recognized by the Legislature in Article 2815q, when it provided for the settlement of the affairs of the dissolved union junior college district in a manner different from that provided by the law relating to independent school districts.

There being an absence of such authority and statutory procedure to effect a dissolution, a joint county junior college district cannot be dissolved under present laws.

SUMMARY

Under present law, a joint county junior college district established under Article 2815h, Secs. 17, 18, 19, V.C.S., cannot be dissolved.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant
JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant